# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Christopher Allen VanGessel,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 25-1087-JWB-GEB |
| | ) |
| **PepsiCo, Jason Russell, and** | ) |
| **Kassandra Hegg** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Christopher Allen VanGessel's Motion for Appointment of Counsel Pursuant to 28 USC § 1915(e)(1) ("Motion") (**ECF No. 3**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] The provision doesn't provide a statutory right to counsel.[2] And there is no constitutional right to counsel in a civil action.[3] The Court, in its discretion, evaluates several factors when deciding whether to request an

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *Jackson*, 2014 WL 494789, at *1.
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

attorney for an indigent party.[4] In *Castner v. Colo. Springs Cablevision*,[5] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the merits of plaintiff's case; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[6] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept a pro bono appointment is also very important.[7] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[8]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis. Where the Court grants Plaintiff's Motion to Proceed Without Prepayment of Fees, it finds Plaintiff is unable to afford counsel, as established in his Affidavit of Financial Status.[9] Plaintiff also satisfies the second factor. He has contacted five attorneys or law firms and provides information for each why they are unwilling or unable to undertake his representation. Further, the Court finds, at this time, Plaintiff satisfies the third factor. The third factor of *Castner*

---

[4] *Jackson*, 2014 WL 494789, at *1.
[5] *Castner*, 979 F.2d at 1422.
[6] *Castner*, 979 F.2d at 1421.
[7] *Jackson,* 2014 WL 494789, at *3.
[8] *Id.,* at *2.
[9] ECF No. 2-1, *sealed*.

requires the Court find Plaintiff has stated a valid claim. While the Court makes no determination on the merits of Plaintiff's claim at this time, the Court has reviewed the allegations of Plaintiff's Complaint, screened the Complaint per 28 U.S.C. § 1915(e)(2), and allowed Plaintiff's Complaint to file without payment of the fee.[10]

However, Plaintiff fails the fourth factor regarding Plaintiff's capacity to prepare and present the case without the aid of counsel at this time. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. Although not abundantly clear, Plaintiff's filings reflect some understanding of court rules, procedures, and the relevant law. And the Court is obligated to heavily consider the present increase in pro se filings and the limited number of attorneys willing to accept a pro bono appointment. Weighing both these considerations against the first three factors, the Court declines to appoint counsel for Plaintiff at this time.

The Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order

---

[10] ECF No. 6.
[11] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[12] *Id*.

to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13]

For the reasons outlined above, **IT IS ORDERED** Plaintiff Christopher Allen VanGessel's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) (**ECF No. 3**) is **DENIED without prejudice as to refiling**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of September 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).