IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ALLEN VANGESSEL,

          Plaintiff,

v.                                        Case No.  25-1087-JWB

PEPSICO, *et al.*,

          Defendants.

**NOTICE AND ORDER TO SHOW CAUSE**

On May 5, 2025, Plaintiff Christopher Allen VanGessel filed his complaint against all Defendants alleging that his employment was terminated, that Defendants failed to accommodate his disability, and that he was subject to retaliation and harassment all in violation of the American with Disabilities Act of 1990.  He claims that he is still unable to work and has lost nearly $30,000 in wages.  Simultaneously with his complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), which was granted on September 12, 2025.  (Doc. 6.)  Given that United States Marshals Service effect service of process for parties granted IFP status, Plaintiff provided the address of the PepsiCo plant where he was employed, and the summonses against each Defendant were delivered to that address and served on Adam Bergeson, a Plant Director, on September 19, 2025. (Docs. 8, 9, 10.)  Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), alleging improper service on an unauthorized agent.  (Doc. 12.)

On November 20, 2025, Magistrate Judge Birzer directed Plaintiff to properly serve each Defendant and extended the deadline to perfect service until December 31, 2025.  (Doc. 18.)  In response to this order, Plaintiff provided the court with the address of an authorized agent for

Defendant PepsiCo Inc., and service was executed on December 8, 2025.  (Doc. 21.)[1]  However, no summonses were served on either of the individual Defendants, Jason Russell and Kassandra Hegg, before December 31, and there is no indication that Defendants Jason Russell and Kassandra Hegg have waived or consented to service from Plaintiff.

To properly serve a defendant in compliance with the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); see also Fed. R. Civ. P. 4(b) ("A summons . . . must be issued for each defendant to be served."). If service of process is insufficient under Federal Rule of Civil Procedure 4, a federal court is without personal jurisdiction over that defendant.  *Rivera v. Riley Cnty. Law Bd.*, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *2 (D. Kan. Oct. 4, 2011) (citing *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011)).

The time limit for service of process is governed by Fed. R. Civ. P. 4(m).  That Rule states that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Pursuant to Rule 4(m), Plaintiff filed his Complaint on May 5, 2025, meaning he was required to serve Defendant on or before August 4, 2025.  More than 90 days have passed since the Complaint was filed and service has not been effectuated.  Further, the extended deadline for service set by Magistrate Judge Birzer has also expired.  Simply stated, Plaintiff has not properly effectuated service of process on Defendants Jason Russell and Defendant Kassandra Hegg.  Additionally, Fed. R. Civ. P. 41(b) provides that the Court may dismiss an action for failure to prosecute.  Accordingly, the Court orders Plaintiff to show cause in writing by January 30, 2026, as to why the Plaintiff's claims against Defendant

---

[1] Defendant PepsiCo Inc. answered the complaint on January 12, 2026, and so the court constructively construes this action as Defendant PepsiCo Inc. voluntarily withdrawing their part of the motion to dismiss under Rule 12(b)(5).

Jason Russell and Defendant Kassandra Hegg should not be dismissed pursuant to Rule 12(b)(5), Rule 4(m), and/or Rule 41(b).  Alternatively, Plaintiff may file a notice of voluntary dismissal of his claims against these two Defendants.

IT IS SO ORDERED.  Dated this 15th day of January 2026.

__ s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE
